a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CYRUS CASBY #18881-078,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00143<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| UNKNOWN NAMED AGENTS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 11) filed by *pro se* Plaintiff Cyrus Casby ("Casby") pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotis*.[1] Casby is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). He seeks injunctive relief from Defendants USP-Pollock, the BOP South Central Regional Office, and the BOP Office of General Counsel. ECF No. 11.

Because Casby's Complaint is frivolous and fails to state a claim for which relief can be granted, it should be DENIED AND DISMISSED.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  **Background**

Casby alleges that having a cellmate makes him feel "hopeless," "worthless," "irritable," "anxious," "discouraged," and "miserable." ECF Nos. 11 at 3; 1 at 1. He also alleges that his cellmate makes him "moody," and causes him to suffer from paranoia and a decreased appetite. *See id.*

Casby complains that the BOP South Central Regional Office and the BOP Office of General Counsel failed to properly handle his administrative appeals. ECF Nos. 11 at 3; 2 at 9.

As relief, Casby requests that he be reclassified for a single cell or transferred to another facility. ECF Nos. 1 at 5; 2 at 10. Alternatively, Casby requests a lower custody classification and to be allowed to complete his administrative grievance. *Id.* Finally, Casby asks that he be prescribed different mental health medications. ECF No. 2 at 10.

II.  **Law and Analysis**

   A.  **Casby's Complaint is subject to preliminary screening.**

As a prisoner seeking redress from an officer or employee of a governmental entity, Casby's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B.  Casby cannot state a claim against the named Defendants.

The capacity of an individual to sue or be sued is determined by the law of the person's domicile or by the law of the state in which the district court is situated. Fed. R. Civ. P. 17(b). Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Casby names USP-Pollock as a Defendant. However, prisons and jails are not "persons" subject to liability for the alleged constitutional violations of those who work there. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). A prison is "not an entity, but a building." *See Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009) (dismissing claims against parish jail); *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 3:96-CV-3088, 1997 WL

810033 at *1 n. 1 (N.D. Tex. 1997) (Dallas County Jail is not an entity capable of being sued); *see also Townsend v. Asumah*, 1:10-CV-123, 2011 WL 1357487, at *1 (N.D.W. Va. 2011), *report and recommendation adopted*, 2011 WL 1357484 (N.D.W. Va. 2011) (dismissing U.S. Penitentiary–Hazelton as a *Bivens* defendant); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished) (a jail is not a person amenable to suit).

Casby also names as Defendants the BOP South Central Regional Office and the BOP Office of General Counsel. However, *Bivens* does not provide a cause of action against a federal agency like the BOP. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995); *Bhatia v. U.S. Dep't of Homeland Sec.*, 605 F. App'x 450, 451 (5th Cir. 2015).

Furthermore, Casby seeks only injunctive relief. Such relief "would not be proper under *Bivens*." *Patel v. Santana*, 348 F. App'x 974, 976 (5th Cir. 2009) (citing *Bush v. Lucas*, 462 U.S. 367, 378).

Even if injunctive relief were available, or if Casby named individuals as defendants, his claims would fail. First, a prisoner has no constitutional right to a particular housing assignment or to be housed at a different facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244–47 (1983); *Ramirez v. Cotrette*, 572 F. App'x 276, 277 (5th Cir. 2014). Nor does a prisoner have a protectable interest in his custody classification. *See Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)).

Additionally, Casby has no constitutional right to have his administrative grievances or appeals resolved to his satisfaction by either the BOP or prison administration. *Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005).

Finally, Casbys's disagreement with medical professionals regarding which psychiatric medications are prescribed does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### III. Conclusion

Because Casby's Complaint is frivolous and fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 11) be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, April 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE